# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Chambers of<br>**STEVEN C. MANNION**<br>United States Magistrate Judge | Martin Luther King Jr, Federal Bldg.<br>& U.S. Courthouse<br>50 Walnut Street<br>Newark, NJ 07102<br>(973) 645-3827 |

September 26, 2017

### LETTER ORDER-OPINION

  Re: Legends Management Co., v. Affiliated FM Ins., et al.
     Civil Action No. 16-cv-1608 (SDW)(SCM)

Dear Counsel:

  Before this Court is an informal motion by Defendant/Third-Party Plaintiff Affiliated FM Insurance Company ("Affiliated FM") against Plaintiff Legends Management Company, LLC ("Legends") and Third-Party Defendant/Counterclaimant Metairie Corporation ("Metaire") (collectively, the "Legends Parties") to sever and stay bad faith claims alleged by the Legends Parties.[1] Upon consideration of the parties' respective submissions, oral arguments heard on March 8, 2017 and July 13, 2017, and for the reasons set forth below, the Court **GRANTS** Affiliated FM's motion to sever and stay the bad faith claims.

---

[1] (ECF Docket Entry No. ("D.E.") 47, 48, 49, 50). Unless stated otherwise, the Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

## I. BACKGROUND AND PROCEDURAL HISTORY[2]

The relevant facts of this case have been set out in this Court's September 22, 2017, Opinion,[3] therefore, this Opinion will only discuss those facts necessary to adjudicate the present informal motion. At issue here is Affiliated FM's request to sever and stay the Legends Parties' bad faith claims.[4]

On June 2, 2016, at their initial conference, Affiliated FM requested that the Legends Parties agree to sever the bad faith claims in this matter.[5] Affiliated FM maintains that the Legends Parties would only be able to pursue their bad faith claims if they first prevail on their coverage claims.[6] Consequently, Affiliated FM argues that severing and staying the bad faith claims until after resolving the coverage issue would avoid the expenditure of substantial judicial and party resources.[7]

On June 21, 2016, the Legends Parties advised that they would not agree to sever and stay the bad faith claims.[8] Thereafter, according to Affiliated FM, Metaire served a number of interrogatories and document requests, "requesting an enormous amount of information and documents relating solely to the bad faith allegations."[9] In particular, the interrogatories sought

---

[2] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[3] (D.E. 94, Op. on Mot. to Compel).

[4] (D.E. 47, Joint Dispute Letter; D.E. 48, Def. Br.).

[5] (D.E. 48-1, Catenacci Decl., at ¶3).

[6] (D.E. 48, Def. Br. at 5).

[7] (D.E. 48, Def. Br. at 5-6).

[8] (D.E. 48-1, Catenacci Decl. at ¶ 5).

[9] (D.E. 48-1, Catenacci Decl., at ¶6).

information for claimed "losses resulting from the September and October storms, the percentage of claims which Affiliated FM accepted coverage, and the total dollar amount paid for such claims."[10]

Similarly, Affiliated FM contends that Metaire requested a substantial number of documents "irrelevant" to the issue of coverage, such as the:

> (1) policies, practices and/or procedures used by Affiliated FM concerning the employment of experts, consultants, engineers, adjusters, representatives and/or claims handlers; (2) policies, practices and/or procedures of Affiliated FM relating to its claims handling under a property insurance policy and claims manuals, guidelines, protocol, emails, memoranda and other documents to be used or followed by a representative in adjusting, handling, processing, evaluating, analyzing, paying and/or responding to a claim under a property policy; and (3) "the geographic scope, severity, timing, and/or consequences of the September" or October storms, including any documents "prepared, transmitted, or received in connection with the processing, handling, evaluating, analyzing, adjusting, or responding to other policyholders' claims resulting from the September" or October storms.[11]

Affiliated FM objected to those discovery requests "on the grounds that they: seek information that is irrelevant and not reasonably calculated to the discovery of admissible evidence; are overly broad and unduly burdensome; and seek confidential, proprietary and trade secret information and competitively sensitive data and material."[12]

On October 25, 2016, the parties met and conferred regarding the bad faith related discovery, but were unable to reach an agreement.[13] Consequently, on January 23, 2017, Affiliated

---

[10] (D.E. 48, Def. Br. at 7).

[11] (D.E. 48, Def. Br. at 8).

[12] (D.E. 48-1, Catenacci Decl., at ¶3).

[13] (D.E. 48-1, Catenacci Decl., at ¶7).

FM, filed an informal request to sever and stay the bad faith claims in this matter,[14] and on February 8, 2017, the Legends Parties filed their opposition.[15] In arguing whether severance is appropriate, the parties respectively maintain that the bad faith and coverage claims are "separate and distinct" and "wholly intertwined."[16]

## II.  MAGISTRATE JUDGE AUTHORITY

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[17] This District specifies that magistrate judges may determine all non-dispositive pre-trial motions which includes discovery motions.[18] Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[19]

## III.  DISCUSSION & ANALYSIS

Courts haves discretion in deciding to sever any claim.[20] Severing breach of insurance contract claims from bad faith claims, and then proceeding with the bad faith claims if necessary following the adjudication of the contract claim, is the prevailing practice in both state and federal

---

[14] (D.E. 48, Def. Br.).

[15] (D.E. 53, Pls.' Opp'n Br.).

[16] (D.E. 48, Def's Br. at 10; D.E. 53, Pls.' Opp'n Br. at 9–10).

[17] 28 U.S.C. § 636(b)(1)(A).

[18] L. Civ. R. 72.1(a)(1); 37.1.

[19] 28 U.S.C. § 636(b)(1)(A).

[20] Fed. R. Civ. P. 21; *see Rodin Properties-Shore Mall v. Cushman & Wakefield*, 49 F. Supp. 2d 709, 721 (D.N.J. 1999).

4

courts.[21] The practice "is appropriate where the claims to be severed are 'discrete and separate' in that one claim is 'capable of resolution despite the outcome of the other claim.'"[22] In making its determination, a court may consider the following factors: "(1) whether the issues sought to be tried separately are significantly different from one another, (2) whether the separable issues require the testimony of different witnesses and different documentary proof, (3) whether the party opposing the severance will be prejudiced if it is granted, and (4) whether the party requesting severance will be prejudiced if it is not granted."[23]

While the Legends Parties maintain that the breach of contract and bad faith claims are wholly intertwined and incapable of separation, the Court cannot agree.[24] Here, Affiliated FM's alleged bad faith is premised upon "(a) refusing to reimburse all of Legends' covered losses; (b) acting in its own self-interest…(c) refusing to accept its coverage obligations…(d) failing to effectuate a prompt, fair, and equitable resolution of Legends' claims…(e) engaging in efforts to

---

[21] *Abiona v. GEICO Indem. Co.*, No. CV 15-6013, 2016 WL 1046791, at *4 (D.N.J. Mar. 16, 2016) (citing *Beachfront N. Condo. Ass'n, Inc.*, No. CIV. 14-6706 RBK/JS, 2015 WL 3879665 (D.N.J. June 24, 2015)); *Bridgewater Wholesalers, Inc. v. Pennsylvania Lumbermens Mut. Ins. Co.*, No. CV 14-3684, 2015 WL 6737021, at *1 (D.N.J. Nov. 2, 2015); *Wacker-Ciocco v. GEICO*, 439 N.J. Super. 603 (App. Div. 2015) (holding that the trial court abused its discretion when it did not sever bad faith claim from underinsured motorist claim); *Procopio v. GEICO*, 433 N.J. Super. 377, 383 (App. Div. 2013) ("Preserving the insured's ability to pursue his or her bad faith claim while deferring discovery thereon until the resolution of the UM or UIM claim best accommodates the varying interests involved."); *Taddei v. State Farm Indemnity Co.*, 401 N.J. Super. 449, 465-66 (App. Div. 2008).

[22] *Bridgewater Wholesalers, Inc.,* 2015 WL 6737021, at *1 (quoting *Turner Const. Co. v. Brian Trematore Plumbing & Heating, Inc.*, C.A. No. 07–666(WHW), 2009 WL 3233533, at *3 (D.N.J. Oct. 5, 2009) (citations omitted)).

[23] *Riverview Towers Apartment Corp. v. QBE Ins. Corp.*, No. CIV. 14-6744 JBS/JS, 2015 WL 1886007, at *1 (D.N.J. Apr. 17, 2015).

[24] (D.E. 53, Pls.' Opp'n Br. at 9–10). The Court notes that the Legends Parties' argument fails to cite relevant New Jersey law, nor do they address the proper standard for severing claims, instead relying almost entirely on foreign precedent surrounding bifurcation.

avoid or delay its obligations; (f) compelling Legends' to instate litigation . . . (g) seeking to intimidate it[s] policyholder; and (h) failing to promptly provide a fair and reasonable explanation of its positions."[25] A review of the claims demonstrates that the contract claim concerns coverage under the Policy while the bad faith claims concern Affiliated FM's general claims handling procedures, its claims conduct in this case, and its knowledge and state of mind about the grounds for denial of coverage. Viewing these claims as separate and distinct actions "promotes judicial efficiency and economy" and as result, the Court finds that the first factor weighs in favor of severance.[26]

Second, the contract and bad faith claims require the testimony of different witnesses and different documentary proof. In pertinent part, Metairie seeks information relating to the number of policyholders who submitted claims to Affiliated FM for losses resulting from the September and October storms, the percentage of claims which Affiliated FM accepted coverage, the total dollar amount paid for such claims, and other information not directly relevant to the first-party claim.[27] Metairie's Document Requests seek all documents concerning, in part, "policies, practices and/or procedures used by Affiliated FM concerning the employment of experts, adjusters and/or claims handlers; as well as Affiliated FM's practices relating to its claims handling protocol."[28] On balance, the Court concludes that "this discovery distracts from the primary focus of the case;

---

[25] (D.E. 1) (Ex. A).

[26] *Wadeer v. New Jersey Mfrs. Ins. Co.*, 220 N.J. 591, 610 (2015); *Nelson v. State Farm Mut. Auto. Ins. Co.*, 988 F.Supp. 527, 532 (E.D. Pa. 1997).

[27] (D.E. 48, Ex. D, Pls.' Doc. Req.).

[28] (D.E. 48, Ex. C, Pls.' Interrog.).

whether plaintiff's first-party claim should be paid and if so the amount of the payment."[29] As such, the second factor weighs in favor of severance.

Third, the Legends Parties will not be prejudiced if the bad faith claims are severed and stayed. Here, relatively little discovery has been exchanged and it is therefore uncertain whether the initial coverage claim will be denied. If so, the bad faith claims would similarly fail. On the other hand, should the Legends Parties prevail on the breach of contract claim; they will have the ability to pursue the bad faith claims at that time. Accordingly, severing the bad faith claims will not prejudice the Legends Parties and the Court finds the third relevant factor weighs in favor of severance.

Lastly, the Court finds that Affiliated FM will be prejudiced if it is forced to litigate the bad faith claims prior to resolving the breach of contract issue. Since there is uncertainty as to whether the Legends Parties will prevail on their breach of contract claims it is also unclear whether the Legends Parties will in fact be allowed to reach the merits of their bad faith claims. As such, permitting discovery on the latter issue is premature. If Affiliated FM must litigate the bad faith claim now it will suffer "significant expenditure of time and money, generally rendered needless if the insurer prevails."[30] The Court agrees with Affiliated FM that judicial economy and efficiency for all parties will be promoted by avoiding expensive and time-consuming discovery on the bad faith claim.[31] Therefore, , the fourth and final relevant factor favors severance.

---

[29] *Riverview Towers*, 2015 WL 1886007, at *2.

[30] *Procopio*, 433 N.J. Super. at 383.

[31] (D.E. 48, Def.'s Br. at 9–13).

For the foregoing reasons, the Court concludes that the interests of judicial economy favors severing the bad faith claims. Affiliated FM's motion to sever and stay the bad faith claims pending the adjudication of the insurance claims is **GRANTED**.

**IT IS SO ORDERED.**



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

9/26/2017 12:33:51 PM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties