NOT FOR PUBLICATION

| | |
|---|---|
| LEGENDS MANAGEMENT CO., LLC, <br><br> Plaintiff, <br> v. <br><br> AFFILIATED INSURANCE COMPANY, <br><br> Defendant/Third-Party Plaintiff, <br> v. <br><br> METAIRIE CORPORATION, <br><br> Third-Party Defendant. | Civil Action No. <br><br> 2:16-CV-01608-SDW-SCM <br><br> **OPINION ON INFORMAL MOTION TO COMPEL DISCOVERY** <br><br> **[D.E. 50, 52]** |

**Steven C. Mannion**, United States Magistrate Judge.

Before this Court is an informal motion by Plaintiff Legends Management Company, LLC ("Legends") and Third-Party Defendant/Counterclaimant Metairie Corporation ("Metaire") (collectively, the "Legends Parties") against Defendant/Third-Party Plaintiff Affiliated FM Insurance Company ("Affiliated FM") to compel discovery.[1] Of the issues raised in the informal motion, the Court will only address the discovery requests raised in the Parties' September 11,

---

[1] (ECF Docket Entry No. ("D.E.") 50, 52, 70, 72, 79 and 80). Unless stated otherwise, the Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

2017, joint letter.[2] Upon consideration of the parties' respective submissions, oral arguments heard on March 8, 2017, and July 13, 2017, and for the reasons set forth below, the Court **DENIES IN PART** the Legends Parties' informal motion to compel.

**I.     BACKGROUND AND PROCEDURAL HISTORY[3]**

The relevant facts of this case have been set out in this Court's September 22, 2017, Opinion;[4] therefore, this Opinion will only discuss those facts necessary to adjudicate the present informal motion. At issue here is the Legends Parties' informal motion to compel discovery against Affiliated FM.[5]

By joint letter dated January 23, 2017, the parties raised a dispute with regard to the Legends Parties' discovery requests and Affiliated FM's allegedly deficient responses.[6] Later that day, the Legends Parties filed an informal motion to compel discovery against Affiliated FM,[7] and on February 8, 2017, Affiliated FM filed its opposition.[8]

---

[2] As discussed below, many of the discovery disputes raised in the Legends Parties' original informal motion to compel have been resolved by this Court's prior Opinions, by stipulation, or the parties are still meeting and conferring on such disputes.

[3] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[4] (D.E. 94, Op. on Mot. to Compel).

[5] (D.E. 50, Pls.' Mot. to Compel).

[6] (D.E. 47, Joint Dispute Ltr., at 6-7).

[7] (D.E. 50, Pls.' Mot. to Compel).

[8] (D.E. 52, Def.'s Opp'n).

2

After oral argument on March 8, 2017, the Court ordered the parties to meet and confer regarding Affiliated FM's discovery responses.[9] Since filing their briefs, the parties resolved a number of their discovery disputes,[10] and the Court has ruled on a number of discovery issues."[11] Additionally, the Court's September 22, 2017, Opinion severed and stayed the bad faith claims in this matter, until after a determination on whether Affiliated FM properly denied coverage.[12]

On September 11, 2017, the parties advised the Court that they are still conferring on some discovery disputes, but requested a decision from the Court with respect to Legends' interrogatory 17; Metairie's interrogatories 2 through 7 and 13; and Metairie's document requests 4 through 6.[13] The parties also submitted supplemental briefing on Metairie's interrogatory 13.[14]

These discovery requests generally involve Affiliated FM's: coverage positions; knowledge about certain weather related events; practices and procedures concerning the handling of claims; and Affiliated FM's documentation for damages, including investigation and attorneys' fees.[15] As to Legends' interrogatory 17, the parties contest whether Affiliated FM produced a responsive answer in its supplemental response.[16] However, as to the remaining discovery

---

[9] (D.E. 57, Order, at ¶1).

[10] (D.E. 55, Pls.' Ltr.).

[11] (D.E. 94, Opp. on Mot. to Compel).

[12] (D.E. 95, Opp. on Mot. to Sever and Stay).

[13] (D.E. 92, Joint Ltr.).

[14] (D.E. 79, Pls.' Suppl. Br.; D.E. 80, Def.'s Suppl. Br.).

[15] (D.E. 47, Joint Ltr., at 7).

[16] (D.E. 70, Third Suppl. Answer to Interrogs.; D.E. 83, Joint Ltr. at 2).

requests, the parties respectively maintain that Affiliated FM must comply with these requests or that it is inappropriate to engage in this discovery until after a determination on coverage.[17]

## II. MAGISTRATE JUDGE AUTHORITY

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[18] This District specifies that magistrate judges may determine all non-dispositive pre-trial motions which includes discovery motions.[19] Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[20]

## III. DISCOVERY STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[21] "Although the scope of discovery under the Federal Rules is unquestionably broad, this right is not unlimited and may be circumscribed."[22]

---

[17] (D.E. 83, Joint Ltr., at 2-3).

[18] 28 U.S.C. § 636(b)(1)(A).

[19] L. Civ. R. 72.1(a)(1); 37.1.

[20] 28 U.S.C. § 636(b)(1)(A).

[21] Fed. R. Civ. P. 26(b)(1).

[22] *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999).

Federal courts employ a burden-shifting analysis to resolve discovery disputes. A party seeking to compel discovery bears the initial "burden of showing that the information sought is relevant to the subject matter of the action."[23] That is because the sole purpose of discovery is to add flesh for trial on the parties' respective claims and defenses in the given action.

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action."[24] District courts must remain mindful that relevance is a broader inquiry at the discovery stage than at the trial stage.[25]

If that burden is met, an objecting party "must state with specificity the objection and how it relates to the particular request being opposed, and not merely that it is 'overly broad and burdensome' or 'oppressive' or 'vexatious' or 'not reasonably calculated to lead to the discovery of admissible evidence.'"[26] The objecting party "shall use common sense and reason, and hyper-technical, quibbling, or evasive objections will be viewed unfavorably."[27] "The burden [is upon] the party resisting discovery to clarify and explain its objections and to provide support therefor."[28]

---

[23] *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000).

[24] Fed. R. Evid. 401.

[25] *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990).

[26] *Harding v. Dana Transp., Inc.*, 914 F. Supp. 1084, 1102 (D.N.J. 1996).

[27] *Williams v. Acxiom Corp.*, No.15-8464, 2017 WL 945017, at *2 (D.N.J. Mar. 10, 2017)(quoting *Lamon v. Adams*, 2014 WL 309424 at *3 (E.D. Cal. 2014)).

[28] *Harding*, 914 F. Supp. at 1102 (citations omitted).

Failure to meet this standard may result in waiver of an objection.[29] Furthermore, in addition to trying to eliminate "kneejerk discovery requests," Rule 26(g) was enacted "to bring an end to the equally abusive practice of objecting to discovery requests reflexively [.]"[30] The rule "is intended to curb discovery abuse by requiring the court to impose sanctions if it is violated, absent 'substantial justification' [.]"[31]

**IV.     DISCUSSION AND ANALYSIS**

    **A.  Discovery Responses**

With those principles in mind, the Legends Parties complain about the sufficiency of Affiliated FM's and seek to compel further responses to Legends' interrogatory 17; Metairie's interrogatories 2 through 7 and 13; and Metairie's document requests 4 through 6.[32] Affiliated FM maintains that its responses are sufficient or that it is inappropriate to engage in this discovery until after a determination on coverage.[33]

As a preliminary matter, however, the Court's September 26, 2017, Opinion[34] granting Affiliated FM's motion to sever and stay the bad faith claims pending adjudication of the insurance claims, stayed Affiliated FM's responses to Metairie's interrogatories 2 through 7, and Metairie's document requests 4 through 6, 9 and 10. [35]

---

[29] *Id.* (citations omitted).

[30] *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 358 (D.Md. 2008).

[31] *Id.* (quoting Fed. R. Civ. P. 26(g)).

[32] (D.E. 68, Joint Ltr., at 2; D.E. 83, Joint Ltr., at 2).

[33] (D.E. 83, Joint Ltr., at 2-3).

[34] (D.E. 95, Opp. on Mot. to Sever and Stay).

[35] (D.E. 96, Order, at ¶3).

6

Accordingly, the present informal motion to compel as to Metairie's interrogatories 2 through 7, and Metairie's document requests 4 through 6, 9 and 10, is **denied** as **moot**.

### 1. Interrogatory Responses

Interrogatories are a discovery device designed "to obtain simple facts…" and "can be a simple mode of obtaining the names and addresses of persons having knowledge of pertinent facts, or of securing information about the existence of documentary evidence[.]"[36] "[A] responding party generally is not required to conduct extensive research to answer an interrogatory, [but] … must make a reasonable effort to respond."[37] The responding party must respond "to the fullest extent possible, stating any objections with specificity."[38] If the responding party does not have the information, he must describe the efforts undertaken to obtain it.[39] Responses must be "in writing under oath."[40] Interrogatory "answers" must be signed by the responder and objections must be signed by their attorney.[41]

Turning then, to Legends interrogatory 17, Affiliated FM provided the following response and supplemental response:

> **Legends Interrogatory No. 17**: For each of the provisions, conditions, and/or exclusions in the Policy listed above in response to Interrogatory

---

[36] *Erie Ins. Property & Cas. Co. v. Johnson*, 272 F.R.D. 177, 183 (S.D.W.Va. 2010)(quoting Wright, Miller, & Marcus, Federal Practice & Procedure: Civil 3d § 2163).

[37] *Williams*, 2017 WL 945017, at *2 (citing *Lamon*, 2014 WL 309424 at *4).

[38] *Reyes v. City of Paterson*, No. 2:16-CV-2627, 2017 WL 1536425, at *2 (D.N.J. Apr. 28, 2017)(citing Fed. R. Civ. P. 33(b)(3) and (4)); *see also Lamon*, 2014 WL 309424 at *3.

[39] *See Hansel v. Shell Oil Corp.*, 169 F.R.D. 303, 305 (E.D.Pa.1996).

[40] Fed. R. Civ. P. 33(b)(3).

[41] Fed. R. Civ. P. 33(b)(5).

16,[42] identify all Communications between Affiliated and Legends in which Affiliated raised such provision, condition, and/or exclusion.

Response: Affiliated FM incorporates herein its Objections and further objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, work product doctrine and other applicable privileges, is overly broad and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Affiliated FM further objects on the grounds that this Request is an improper contention interrogatory and seeks a legal opinion and conclusion. Subject to and without waiving these objections, see denial letter dated July 21, 2014, Answer, Defenses, and Counterclaim.

**Supplemental Response**: Affiliated FM incorporates by reference herein its prior responses. Affiliated FM supplements its response to state that coverage defenses, including late notice, were discussed in numerous verbal communications between Steve Leider and representatives of Citizens Public Adjusters and/or Legends. Mr. Leider and Mike DeRita discussed the late notice of the claims the first day that they met at the Property on or about March 1, 2012, while in the parking lot. The underlying factual bases of the coverage defenses, including but not limited to pre-existing damage, late notice of the claims, demolition of property prior to notice of the claims, the insureds' obligation to prove damages, the insureds' failure to establish a loss in excess of the deductible, and factual matters relating to the fraud were discussed at the in-person meetings between Steve Leider and/or David Lawson and representatives of Citizens Public Adjusters and/or Legends. Steve Leider also provided Citizens Public Adjusters a copy of the Policy and advised Citizens Public Adjusters and Legends that the investigation of the claims was under a full reservation of rights. There may have been discussions which included a direct or indirect reference to the specific policy provisions, conditions and/or exclusions relating to the coverage defenses, however, the adjusters do not recall the specifics or dates of such communications.[43]

Affiliated FM's objections to Legends' interrogatory 17 are overruled. Affiliated FM has not met its burden to explain its objections and provide support for them. In particular, with respect

---

[42] (D.E. 50-3, Def.'s Answers to Interrogs., at ¶16 ("Identify all provisions, conditions, and/or exclusions in the Policy which you contend bar or limit coverage for each of Legends' Coverage Claims, and set forth the factual basis for your contentions that such provisions, conditions, and/or exclusions bar or limit such coverage.")).

[43] (D.E. 70, Third Suppl. Answer to Interrogs., at 5).

to its first two objections, Affiliated FM's responses, on their face, do not appear to involve attorney-client communications or any materials prepared in anticipation of litigation. Similarly, Affiliated FM has failed to provide reasons for its relevance objection. One of the core disagreements in this case is whether Affiliated FM properly denied coverage on Legends' claims. Communications regarding the provisions, conditions, and/or exclusions in the policy, which bar or limit coverage are relevant to that determination.

Nevertheless, the Court finds that Affiliated FM has met its burden to show that its supplemental response is sufficient. The Court can infer from Affiliated FM's response, that it made a "reasonable effort to respond" and undertook efforts to obtain the information sought.[44] It provided information from its adjusters as to their communications with representatives of Legends.[45] Further, Affiliated FM named the adjusters, which "may have" discussed coverage defenses with Legends representatives, as well as the potential coverage defenses discussed.[46]

Although Affiliated FM only specified one date and location in which it and Legends discussed a coverage defense, Affiliated FM certified[47] that its adjusters might have discussed coverage defenses at in-person meetings with Legends' representatives, but that they "do not recall the specifics or dates of such communications."[48] This supplemental answer is sufficient since the

---

[44] *Reyes v. City of Paterson*, No. 2:16-CV-2627, 2017 WL 1536425, at *2 (D.N.J. Apr. 28, 2017) (citing Fed. R. Civ. P. 33(b)(3) and (4)); *see also Hansel v. Shell Oil Corp.*, 169 F.R.D. 303, 305 (E.D.Pa.1996)).

[45] (D.E. 70, Third Suppl. Answer to Interrogs., at 5).

[46] *Id.*

[47] Fed. R. Civ. P. 33(b)(5); (D.E. 70, Third Suppl. Answer to Interrogs., at 6).

[48] (D.E. 70, Third Suppl. Answer to Interrogs., at 5).

Court cannot order Affiliated FM to provide a more responsive answer if it does not have more responsive information.[49] If the Legends Parties do not believe Affiliated FM, they can test the credibility of Affiliated FM's adjusters at trial or at a deposition.[50] Accordingly, the Legends Parties' informal motion to compel Affiliated FM to provide a more responsive answer to Legends interrogatory 17 is **denied**.

> **Metairie Interrogatory No. 13**: Identify all Documents supporting Affiliated's claim for damages including, without limitation, all amounts of compensatory damages, restitution, interest, investigation expenses (prior to and after the commencement of the Action), attorneys' fees (prior to and during the Action), and costs of suit.
>
> **Response**: Affiliated FM incorporates herein its Objections and further objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, work product doctrine and other applicable privileges, is overly broad and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, pursuant to Fed. R. Civ. P. 33(d), responsive, nonprivileged documents have been produced in accordance with Affiliated FM's initial disclosures, including the statutory claims files and certified copy of the policy. Further responsive, non-privileged documents, including documents provided to Affiliated FM by Legends and Metairie and adjusters' claim files, will be made available for inspection and copying.[51]
>
> **Supplemental Response**: Affiliated FM incorporates by reference herein its prior responses. Affiliated FM supplements its response to state that AFM 000517-000548, AFM 001088-001034, and AFM 001625-001871, are among the documents supporting Affiliated FM's damages claim as well as documents in the consultants' files, and further documentation will be produced at the appropriate time.[52]

---

[49] *Bumgarner v. Hart*, No. 05-3900, 2007 WL 38700, at *6 (D.N.J. Jan. 4, 2007).

[50] *Id.*

[51] (D.E. 50-5, Def.'s Answers to Metairie Interrogs. at 12).

[52] (D.E. 80, Def.'s Suppl. Br., at 6).

By the parties' submissions, the only remaining dispute on this interrogatory is whether Affiliated FM must disclose documentation related to its attorneys' fees, namely the attorney invoices of Podvey Meanor and Connell Foley.[53] The parties met and conferred on this issue, and Affiliated FM disclosed "the full amount of attorneys' fees pre-suit and for the first (6) months of the litigation and stated it would update that amount as the litigation progresses."[54]

Affiliated FM objects to the disclosure of the actual attorney invoices, contending that they contain narrative information, which raises issues of attorney-client privilege and the work-product doctrine.[55] Affiliated FM did not, however, explain or provide support for its objections.[56] Affiliated FM argues instead, that the Court should address the amount of attorney's fees and related discovery, after a determination of the Legends Parties' liability under the Insurance Fraud Prevention Act ("Insurance Fraud Act").[57]

The New Jersey Legislature enacted the Insurance Fraud Act to "confront aggressively the problem of insurance fraud."[58] The Act authorizes a private civil action by insurers "damaged as the result of a violation of any provision" of the Insurance Fraud Act.[59] In relevant part, a person violates the act if he:

---

[53] (D.E. 80, Def.'s Suppl. Br., at 1-2).

[54] (D.E. 80, Def.'s Suppl. Br., at 1).

[55] (D.E. 80, Def.'s Suppl. Br., at 3).

[56] *Id.*

[57] (D.E. 80, Def.'s Suppl. Br., at 2 (citing N.J.S.A. 17A:33-1, *et seq.*)).

[58] *Allstate New Jersey Ins. Co. v. Lajara*, 222 N.J. 129, 143 (2015)(citing N.J.S.A. 17:33A-2).

[59] *Id.*

(1) Presents or causes to be presented any written or oral statement as part of, or in support of or opposition to, a claim for payment or other benefit pursuant to an insurance policy or the "Unsatisfied Claim and Judgment Fund Law," P.L.1952, c. 174 (C.39:6-61 et seq.), knowing that the statement contains any false or misleading information concerning any fact or thing material to the claim; or

(2) Prepares or makes any written or oral statement that is intended to be presented to any insurance company, the Unsatisfied Claim and Judgment Fund or any claimant thereof in connection with, or in support of or opposition to any claim for payment or other benefit pursuant to an insurance policy or the "Unsatisfied Claim and Judgment Fund Law," P.L.1952, c. 174 (C.39:6-61 et seq.), knowing that the statement contains any false or misleading information concerning any fact or thing material to the claim; or

(3) Conceals or knowingly fails to disclose the occurrence of an event which affects any person's initial or continued right or entitlement to (a) any insurance benefit or payment or (b) the amount of any benefit or payment to which the person is entitled[.][60]

Under the Act, any "insurance company damaged as a result of a violation of [the Act] may sue . . . to recover compensatory damages, which shall include reasonable investigation expenses, costs of suit and attorneys fees."[61] Moreover, an insurance company "shall recover treble damages if the court determines that the defendant has engaged in a pattern of violating" the Insurance Fraud Act.[62]

Proof of damages resulting from insurance fraud under the act, however, "is not an element of the cause of action that is required to be submitted to a jury."[63] The insurer "is not seeking

---

[60] N.J.S.A. 17:33A-4(a)(1-3).

[61] *Lajara*, 222 N.J. at 144 (citing N.J.S.A. 17:33A-7(a)).

[62] *Id.* (citing N.J.S.A. 17:33A-7(b)).

[63] Liberty Mut. Ins. Co. v. Land, No. A-6126-06T2, 2010 WL 114428, at *6 (N.J. Super. Ct. App. Div. Jan. 14, 2010)(citing Liberty Mut. Ins. Co. v. Land, 186 N.J. 163, 174–75 (2006)).

12

damages, as in a common law fraud action, but rather is seeking a statutory penalty designed to reduce the incidence of insurance fraud."[64] The Act provides "that it is left to the court to admeasure the compensatory damages-a blend of 'reasonable investigation expenses, costs of suit and attorneys fees.'"[65]

In the present case, Affiliated FM has stipulated and waived recovery of all monetary damages except those recoverable under the Insurance Fraud Act.[66] Consequently, the only remaining question is the timing of damages discovery, as it relates to Affiliated FM's attorneys' fees.

Under the Rules, a party seeking attorney's fees must file a motion for fees and expenses within 30 days of the entry of judgment or order entitling it to attorney's fees.[67] As part of that motion, a party must produce documentation detailing, among other things, a record of the dates and a description of the services rendered, and the identity of the person rendering the services, *i.e.*, the attorney invoices that the Legends Parties seek in this interrogatory.[68]

Accordingly, because the Court must determine the amount of damages only after a determination of liability, and because Affiliated FM would have to produce its attorney invoices in the ordinary course, the Court finds that production of the invoices at this time would be

---

[64] *Id.* (quoting Land, 186 N.J. at 174–75); *see also State v. Sailor*, 355 N.J. Super. 315, 324 (App. Div. 2001).

[65] *Id.* (quoting N.J.S.A. 17:33A-7).

[66] (D.E. Def.'s Suppl. Br., at 9).

[67] L. Civ. R. 54.2(a)

[68] *Id.*

disproportionate to the needs of the case. [69] As previously stated, the Court would not submit the issue of attorneys' fees to a jury.[70] In turn, although damages are an element of both common law fraud and Insurance Fraud Act claims, attorney invoices are not essential to resolve the issue of *whether* Affiliated FM was damaged. Consequently, the Court also finds that the burden and expense of producing the attorney invoices at this time, and subsequent disputes over privilege, would outweigh their likely benefit.[71]

Accordingly, the Legends Parties' informal motion to compel Affiliated FM to provide a more responsive answer to Metairie interrogatory 13 is **denied**. An appropriate Order follows.

---

[69] Fed. R. Civ. P. 26(b)(1).

[70] *Land*, 2010 WL 114428, at *6 (citing *Land*, 186 N.J. at 174–75).

[71] Fed. R. Civ. P. 26(b)(1).

**ORDER**

**IT IS** on this Friday, October 13, 2017,

1. **ORDERED**, that the Legends Parties' informal motion to compel (D.E. 50) as to Metairie's interrogatories 2 through 7, and Metairie's document requests 4 through 6, 9 and 10, is **DENIED** as **MOOT;** and it is further

2. **ORDERED**, that the Legends Parties' informal motion to compel (D.E. 50) as to Legends interrogatory 17 and Metairie interrogatory 13, is **DENIED.**



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

10/13/2017 5:17:09 PM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties
    File